**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1696-16T4

LIBERTY GREENS
ASSOCIATION, INC.,

     Plaintiff-Respondent,

v.

DANIEL BERGERON,

     Defendant-Appellant,

and

DEANNA M. MENDEZ,

     Defendant.

_____

Submitted July 24, 2018 – Decided December 21, 2018

Before Judges Ostrer and Vernoia.

On appeal from Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-004508-14.

Daniel Bergeron, appellant pro se.

Hill Wallack LLP, attorneys for respondent (Elizabeth K. Holdren, of counsel and on the brief; Jessica N. Baker, on the brief).

The opinion of the court was delivered by

OSTRER, J.A.D.

In this foreclosure case, defendant Daniel Bergeron appeals from an October 31, 2016 order denying his motion to vacate a sheriff's sale and the court's earlier entry of final judgment. Bergeron argues the legal fees imposed were inconsistent with association bylaws and that the court did not credit him for payments allegedly made to plaintiff. We affirm, as the trial court properly held that collateral estoppel barred Bergeron's legal fees argument, and Bergeron never presented competent proofs of the claimed payments.

## I.

This case began in 2010. Plaintiff, Liberty Greens Association (LGA), a townhouse association, filed a suit against Bergeron to recover unpaid fees.[1] After a 2011 trial, the court ruled in LGA's favor and entered judgment for $7,796.35 for past due fees. Liberty Green Ass'n v. Bergeron, No. DC-13587-10 (Sp. Civ. Jun 28, 2011) ("LGA I").

---

[1] LGA also obtained judgment against Deanna M. Mendez, who was a party to the underlying foreclosure action, but she has not filed an appeal.

LGA also requested legal fees and submitted supporting certifications. Bergeron did not respond, although the court gave him the opportunity to do so. The court awarded LGA legal fees of $10,166.68, after concluding that they were "supported by the Association's governing documents and [were] found to be reasonable based upon the services provided." Ibid. (citing Surf Cottages Homeowners Ass'n, Inc. v. Janel Assocs., Inc., 362 N.J. Super. 70 (App. Div. 2003)).

Following the resolution of LGA I, LGA placed a lien on Bergeron's property in the amount of $19,030.17, consisting of maintenance charges and fees, legal fees and other fees and costs. Bergeron continued to shirk his fee obligations. In September 2013, LGA recorded an amended lien on the property in the amount of $35,236.51. However, plaintiff later revised that figure to be $32,399.3, including $14,659.93 in legal fees and $17,740.00 in association fees and charges.

On February 4, 2014, LGA filed a complaint seeking foreclosure on Bergeron's property. Bergeron filed an answer and counterclaim. LGA then moved for summary judgment and provided a certification detailing the amount due on the amended lien. Bergeron did not oppose the motion.

A-1696-16T4

On October 31, 2014, the trial court granted LGA's motion and struck Bergeron's answer. The judge found that the unpaid balance then due exceeded $41,000. He wrote that LGA established: its standing to foreclose, its compliance with the Fair Foreclosure Act, the amount due, Bergeron's default, and the invalidity of his defenses. "Defendants do not allege any additional facts to support the affirmative defenses in [their] Answer, nor do they articulate what additional discovery they might request in order to prove these affirmative defenses."

Subsequently, LGA moved for final judgment. Bergeron objected to the amount due and the legal fees. The court granted LGA's motion with minor adjustments. The court reduced the amount due by $1,311.41 because LGA miscalculated fees by $260 and previously levied $1,051.41 from Bergeron's bank account. Bergeron had asked the court to credit payments that were allegedly made in 2010 but the court refused because the argument was barred by the doctrine of collateral estoppel, based on the judgment in LGA I. The court entered final judgment on February 9, 2016, entitling LGA to the sum of $16,428.59 together with costs, to be taxed, raised and paid out of the premises, which were to be sold by the Sheriff. After the court denied Bergeron's request for a stay, the sheriff's sale took place on September 22, 2016.

A-1696-16T4

Shortly after the sale, Bergeron submitted an order to show cause challenging the imposition of legal fees and the sheriff's sale. The court converted Bergeron's request into a motion to vacate the sheriff's sale and the final judgment. The court denied Bergeron's motion on October 31, 2016. The court concluded that the doctrine of collateral estoppel prevented consideration of Bergeron's challenge to both the legal and association fees.

Additionally, the court did not find any inconsistencies between LGA's bylaws and the award of legal fees. The bylaws state:

> In the event that the Board shall effectuate collection of said assessment's charges by resort to counsel, and/or the filing of a lien, the Board may add to the aforesaid assessments of charges a sum or sum of twenty percent (20%) of the gross amount due as counsel fees, plus the reasonable costs for the preparation, filing and discharge of the lien, in addition to such other costs as may be allowable by law.

## II.

Bergeron appeals from the October 31, 2016 order and principally makes two substantive arguments. First, the trial court should not have applied collateral estoppel to his challenges to the amount due. Bergeron contends LGA I only adjudicated four payments through 2010. Therefore, he is not estopped from asserting arguments regarding payments thereafter. According to Bergeron, he properly challenged the amount due, and consequently the validity

5

of LGA's lien and its authority to foreclose on the property. Second, the legal fees requested by LGA did not comply with the bylaws. According to Bergeron, the trial court once again "deferred its jurisdictional responsibility" to the LGA I court.

As a threshold matter, LGA correctly notes that Bergeron seeks to challenge the LGA I order, the October 31, 2014 summary judgment order, and the February 9, 2016 order granting a final judgment. However, his appeal of those orders is out of time. See R. 2:4-1. Our review is confined to the trial court's October 31, 2016 order.

We review, for an abuse of discretion, a trial court's decision refusing to vacate an order entering final judgment under Rule 4:50-1. US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012). We discern no abuse of discretion here.

The doctrine of collateral estoppel applies when five conditions are met:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the court in the prior proceeding issued a final judgment on the merits, (4) the determination of the issue was essential to the prior judgment, and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

A-1696-16T4

> [In re Estate of Dawson, 136 N.J. 1, 20 (1994) (citations omitted).]

Applying these principles, LGA I estops Bergeron from arguing the validity of LGA's legal fees. See also Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 523 (2006) (providing exceptions to the general rule of issue preclusion, none of which apply here).

First, the issue presented by Bergeron was considered by the court in LGA I. The court in LGA I considered argument and certifications from LGA detailing its legal fees. The court granted LGA the attorney fees only after deciding they were consistent with the association documents. Second, the matter was actually litigated. Bergeron was given the opportunity to contest but never submitted any documents in opposition. He had a "full and fair opportunity to litigate the issue" and that is sufficient under the doctrine. In re Estate of Dawson, 136 N.J. at 20 (quoting Pittman v. LaFontaine, 756 F. Supp. 834, 841 (D.N.J. 1991)); Allesandra v. Gross, 187 N.J. Super. 96, 105-06 (App. Div. 1982) ("When an issue is properly raised . . . and is submitted for determination, and is determined, the issue is actually litigated . . . .") (quoting Restatement (Second) of Judgments § 27 cmt. d (Am. Law Inst. 1982). Third, the LGA I court issued a final judgment on the matter. Fourth, the issue was

essential to the allocation of legal fees. Fifth, the two parties in this case are identical to the parties in LGA I.

We recognize that collateral estoppel would not have barred Bergeron from showing that he paid association fees that accrued after the decision in LGA I. Those fees were not identical to the ones disputed and litigated in LGA I.

However, Bergeron failed to present competent evidence of payment to the trial court and none appears in the record before us. On the motion for summary judgment, Bergeron failed to present any opposition, let alone present competent evidence of payment. See Sullivan v. Port Auth. of New York and New Jersey, 449 N.J. Super. 276, 279-80 (App. Div. 2017) (stating that bare conclusions and allegations in a pleading are insufficient to defeat a motion for summary judgement supported by competent evidence).

In advance of entry of final judgment, Bergeron challenged the amount due. The court made small adjustments but denied Bergeron's efforts to obtain credit for payments allegedly made in 2010. The court properly denied these claims because they were litigated in LGA I and barred by collateral estoppel. There is nothing in the record to show Bergeron provided proofs of payment for outstanding fees that accrued after the adjudication in LGA I. At the motion to

A-1696-16T4

vacate final judgment, Bergeron again did not present the court with competent evidence concerning proofs of payment.

Therefore, we shall not disturb the trial court's order denying Bergeron's motion to vacate the sheriff's sale and its prior order entering final judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION